# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LANDBRIDGE PORT SERVICES (HONG KONG) LTD., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.: 1-24-cv-00397-UNA |
| NOTARC PORT INVESTMENT LLC, NOTARC INVESTMENT PARTNERS LLC, COASTAL INFRASTRUCTURE PARTNERS LLC, COASTAL INFRASTRUCTURE TRUST NO. 1, LIANG ZHANG, DION L. BOWE, LESLIE C. BETHEL, COLIN MICHAEL MARTINEZ, and SINOLAM CONSULTING & TRADING HOLDINGS PTE. LTD., | ) ) ) ) ) ) ) ) ) ) ) | (Removed from Del. Ch., C.A. No. 2024-0122-JTL) |
| Defendants. | ) | |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS *EMERGENCY* MOTION FOR EXPEDITED PROCEEDINGS REGARDING THE MOTION TO REMAND**

OF COUNSEL:

David M. Orta (*pro hac vice* pending)
Lucas Loviscek (*pro hac vice* pending)
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
(202) 538-8000
davidorta@quinnemanuel.com
lucasloviscek@quinnemanuel.com


DATED:  April 2, 2024

Michael A. Barlow (#3928)
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
500 Delaware Avenue, Suite 220
Wilmington, Delaware 19801
(302) 302-4000
michaelbarlow@quinnemanuel.com

*Attorneys for Plaintiff Landbridge Port Services (Hong Kong) Ltd.*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ............................................................................................. 1

SUMMARY OF ARGUMENT .............................................................................................. 3

BACKGROUND..................................................................................................................... 3

ARGUMENT........................................................................................................................... 8

       A.      The Court Should Expedite the Remand Proceedings, Because There Is A
                   Pending TRO Application in the Court of Chancery, Plaintiff Continues To
                   Suffer Irreparable Harm, And Defendants' Second Removal Is Another
                   Egregious Attempt To Delay the Court of Chancery Proceeding and To
                   Further Irreparably Harm Plaintiff ...................................................................... 9

CONCLUSION...................................................................................................................... 12

## **TABLE OF AUTHORITIES**

### **Cases**

*Agostini v. Piper Aircraft Corp.*,
  729 F.3d 350 (3d Cir. 2013) .................................................................................. 8

*Alley Bros., LLC v. Krishnan*,
  2018 WL 8546422 (E.D. Tex. Dec. 13, 2018) .......................................... 2, 10, 11

*Camarillo Holdings LLC v. Amstel River Holdings, LLC*,
  2018 WL 5268124 (D. Del. Oct. 23, 2018) ............................................... 3, 9, 10

*Invictus Special Situations Master I, L.P. v. Invictus Glob. Mgmt., LLC*,
  2024 WL 175736 (D. Del. 2024) ......................................................... 3, 8, 9, 10

*Meritcare Inc. v. St. Paul Mercury Ins. Co.*,
  166 F.3d 214 (3d Cir. 1999) .................................................................................. 8

### **Statutes**

9 U.S.C § 203 .................................................................................................... 2, 6

28 U.S.C. § 1447(c) ................................................................................................ 8

Plaintiff, Landbridge Port Services (Hong Kong) Ltd. ("Plaintiff" or "Landbridge"), respectfully submits this opening brief in support of its *Emergency* Motion for Expedited Proceedings Regarding the Motion to Remand (the "Motion to Expedite") with respect to its motion to remand ("Motion to Remand") this action to the Delaware Court of Chancery.

## PRELIMINARY STATEMENT

Justice delayed is justice denied.  Defendants' Notice of Removal ("Second Notice," D.I. 2) is now Defendants' *second flawed and improper* attempt to delay an expedited hearing before the Delaware Court of Chancery on Plaintiff's application for a Temporary Restraining Order ("TRO").  Both the Court of Chancery and this Court have now recognized the need for expedited proceedings in this matter.  The Court of Chancery granted Landbridge's motion to expedite and required the parties to confer on an expedited hearing on the TRO with proposed scheduling orders due February 26, 2024.  Rather than comply, Defendants improperly removed the case to this Court that same day.  On March 11, this Court, in turn, granted Landbridge's Emergency Motion for Expedited Proceedings Regarding the Motion to Remand.  This Court later ordered remand. Again, rather than comply, Defendants filed the Second Notice of Removal, which is defective and does not support that this Court has subject matter jurisdiction.  Expedited consideration of Landbridge's Motion to Remand is necessary to secure the prompt disposition of this matter, as both this Court and the Court of Chancery have now recognized.

Defendants' Second Notice is based exclusively on a baseless and now moot motion to compel arbitration that Defendants belatedly filed during their first try at removal after Landbridge identified a critical flaw in their alleged jurisdictional theory.[1]

---

[1]  The case was assigned Case Number 1:24-cv-00254-GBW ("First Removal").

As explained more fully in Plaintiff's Opening Brief in Support of the Motion to Remand ("Opening Brief" or "Br."), filed herewith, Defendants' re-removal attempt fails, as Defendants have yet again failed to meet their burden to establish the Court's subject matter jurisdiction under 9 U.S.C § 203. Their rushed and haphazard Second Notice only demonstrates their weaponization of removal to avoid and further delay the expedited TRO proceeding ordered by the Court of Chancery. Meanwhile, Plaintiff continues to suffer irreparable and ever-growing harm, and the delay buys time for Defendants to proceed with and attempt to conclude the Sham Arbitration that Landbridge seeks to stop in its TRO application.[2]

As with the first motion to expedite granted by this Court during the first attempt at removal, expedited proceeding are warranted given the pending TRO application filed by Plaintiff in the Court of Chancery and the irreparable harm that Plaintiff continues to suffer. (*Id.*, D.I. 14, 16.). Just as the Court recognized when it granted Plaintiff's motion to expedite the remand proceeding then, the urgencies require expedited treatment of Plaintiff's current remand motion. (*Id.*, D.I. 21.) Now, given the passage of time, the urgencies are greater and hence the need for expedited treatment of the remand motion is even more significant.

On top of that, the facially unreasonably nature of Defendants' second removal petition weighs in favor of an expedited treatment of these issues by the Court. Courts facing patently unreasonable removal petitions used to delay state proceedings frequently expedite remand motions. *E.g.*, *Alley Bros., LLC v. Krishnan*, 2018 WL 8546422 (E.D. Tex. Dec. 13, 2018) (quickly granting plaintiff's motion for expedited remand after Defendant removed for a third time on frivolous grounds, because the record "clearly demonstrates that Defendants continue to remove the instant case from state court to federal court each time this matter is set for hearing or

---

[2]  Capitalized terms have the meaning used in Plaintff's Complaint. ("Compl.") (D.I. 2.)

disposition in the state court. Such conduct establishes that the removals are Defendants' attempts to delay and disrupt the state court eviction proceedings and harass Plaintiff."); *Invictus Special Situations Master I, L.P. v. Invictus Glob. Mgmt., LLC*, 2024 WL 175736, at *1 (D. Del. Jan. 12, 2024) (considering motion to remand on an expedited basis where defendants improperly removed case five days before trial and plaintiffs faced irreparable harm); *Camarillo Holdings LLC v. Amstel River Holdings, LLC*, 2018 WL 5268124 (D. Del. Oct. 23, 2018) (considering motion to remand on an expedited basis when defendants improperly removed case one day before a hearing to expedite the state court proceedings).

## SUMMARY OF ARGUMENT

1. Landbridge faces irreparable and increasing harm due to the improper re-removal of this case to this Court, which continues to unnecessarily delay the state expedited TRO proceedings commenced by Plaintiff. The pendency of the emergency application in the Court of Chancery, the irreparable harm that Plaintiff continues to suffer, and the increasing passage of time caused by Defendants' improper removals all counsel in favor of this Court's expedited treatment of the remand issues just as it did during Defendants' flawed first attempt at removal.

2. Defendants have no objectively reasonable basis for re-removal and should not be rewarded for their vexatious and dilatory tactics. For this reason as well, this Court should expedite its consideration of the remand motion.

## BACKGROUND

Landbridge initiated this action on February 9, 2024 against Defendants Notarc Port Investment LLC, Notarc Investment Partners LLC, Coastal Infrastructure Partners LLC, Coastal Infrastructure Trust No. 1, Dion L. Bowe, Leslie C. Bethel, Colin Michael Martinez, Zhang, and

3

Sinolam to seek redress for their brazen scheme to unlawfully transfer Landbridge's ownership interests in a valuable port project in Panama (the "Panama Project"), including the companies associated with this venture. (Compl. ¶¶ 1-33.)

Through their ongoing illicit management and control over the Panama Project, Defendants have caused – and are causing – substantial harm by endangering concession rights for the Panama Project, causing the associated companies to incur significant liabilities, and threatening the goodwill and relationships that Plaintiff has developed on behalf of the Panama Project and its associated companies with the Panamanian government and third-party contractors. (*Id*. ¶¶ 17, 92, 188, 248, 385-89.) Defendants have also been seeking to sell an interest in the Panama Project and its associated companies to third parties – an attempt that, if successful, will further and severely prejudice Plaintiff's ongoing efforts to restore its ownership interests in the Panama Project and its associated companies. (*Id*. ¶¶ 248-51.)

To achieve this, certain Defendants—in particular, Notarc Port Investment LLC ("Notarc Port"), Coastal Infrastructure Partners LLC ("Coastal Partners"), and Coastal Infrastructure Trust No. 1 ("Coastal Trust")—are pursuing sham arbitral proceedings in Panama (the "Sham Arbitration") that seek a declaration that Notarc Port is a bona fide purchaser of the Panama Project and its associated companies. Notarc Port can obtain its desired award in the Sham Arbitration in a few weeks, unless halted by the Court of Chancery. (*Id*. ¶ 246.) Defendants will then surely use that award to immunize and legitimize Notarc Port's illicit ownership of the Panama Project in the eyes of third parties and to take further actions to irreparably injure Plaintiff's rights to, and economic interests in, the Panama Project and its associated companies and assets. (*Id*. ¶¶ 246, 248-51.)   Notarc Port has also laid bare its plan to use the award obtained from the Sham

Arbitration to "estop" Landbridge from seeking judicial remedies and recourse, including in Delaware. (*Id.* ¶¶ 28, 257.)

In need of immediate equitable relief to stop the Sham Arbitration and Defendants' ongoing and illegitimate attempts to capitalize on their illicit theft scheme, Landbridge filed a Motion for a TRO (D.I. 2-29) and a Motion for Expedited Proceedings (D.I. 2-28) on February 9, 2024, along with its Complaint in the Court of Chancery. The Court of Chancery granted in part the Motion for Expedited Proceedings on February 19, 2024, and it ordered the parties to negotiate a proposed schedule for a hearing by February 26, 2024, so that Plaintiff's Motion for a TRO could be heard on an expedited basis. (D.I. 2-31, at 8.)

Following the Court of Chancery's order, Landbridge attempted, multiple times, to meet and confer with counsel for Defendants regarding a proposed schedule. (Ex. 1 to Motion to Remand, Declaration of David M. Orta ("Orta Decl."), ¶ 9.) Defendants never responded substantively to these attempts. *Id.* Instead, they waited until the day the proposed schedule was due (*i.e.*, February 26) to improperly remove the case to this Court. (First Removal, D.I. 2.) Defendants refused to shorten the briefing schedule on the Motion to Remand and refused to consent to the terms of Landbridge's TRO during the pendency of the Motion. (*Id.*, D.I. 18.)

Plaintiff filed its first Motion to Remand and first *Emergency* Motion for Expedited Proceedings Regarding the Motion to Remand on March 8. (*Id.*, D.I. 14, 16.) The Court granted the first *Emergency* Motion for Expedited Proceedings on March 11 and ordered Defendants to file a joint response to the *first* Motion to Remand by March 15, 2024. (*Id.*, D.I. 21.) The Court also set a hearing date for consideration of the Motion to Remand.

On March 15, just **two hours** before filing their Opposition, the Notarc Defendants[3] filed the Motion to Compel Arbitration. (*Id.*, D.I. 32.)  That Motion was a transparent effort to retroactively manufacture federal subject matter jurisdiction under 9 U.S.C. § 203.  Only after the Notarc Defendants filed their Motion to Compel Arbitration did Defendants file their Joint Opposition to the Motion to Remand. (*Id.*, D.I. 34.)  As Defendants concede in the Second Notice, their First Notice gave no indication of their intent to compel arbitration.  (*See* D.I. 2 ¶ 7 (accepting that their first removal was sought "because 'Plaintiff seeks a temporary restraining order, preliminary injunction, and permanent injunction against Defendants enjoining them from prosecuting the Panama Arbitration'" (quoting First Removal, D.I. 2).)  Defendants Colin Michael Martinez and Coastal Infrastructure Trust No. 1 filed a Joinder to the Notarc Defendants' Motion to Compel Arbitration (First Removal, D.I. 38.)  On March 18, Plaintiff then filed its Reply Brief in support of the Motion to Remand on.  (*Id.*, D.I. 36).

On March 21, just three days after briefing was completed, the Court heard oral argument. On March 27, the Court **granted** Plaintiff's first Motion to Remand. (*Id.*, D.I. 49.)  In the remand order, the Honorable Gregory B. Williams explicitly noted that the Court is required to base its decision solely on the record at the time of Defendants' First Notice and thus declined to consider the Motion to Compel Arbitration in the remand order.  (*Id.* at 7 & n.2.)  The next morning, March 28, Plaintiff emailed all Defendants to "identify potentially available dates for a hearing on the motion for a temporary restraining order, as the [Chancery] Court directed us to do in its order of February 19."  (Orta Decl. ¶¶ 11-13 & Ex. A.)  Plaintiff asked Defendants if they were available

---

[3]   The Notarc Defendants consist of Notarc Port, Notarc Partners, Notarc Investment Partners LLC, Coastal Infrastructure Partners LLC, Dion L. Bowe, and Leslie C. Bethel.

for a call to chambers that same day.  *Id.*  Defendants never responded. **Instead, just two hours later, Defendants filed their Second Notice**.  *Id.*

Defendants' strategy to delay the TRO proceedings in the Court of Chancery could not be more obvious.  The Motion to Compel Arbitration is meritless, and Defendants filed it solely to manufacture jurisdiction and cause additional delay.  In the course of the parties' long-running dispute over ownership and control over the Panama Project, Defendants never previously contended that Landbridge is required to arbitrate its claims.  (*See generally* Orta Decl.)  Even after Defendants commenced the Sham Arbitration, **not naming** Plaintiff as a party, in September 2023, Defendants **did not** seek to compel Landbridge's participation in that proceeding, either before the CeCAP or any other fora.  *Id.*  Rather they asked Plaintiff to voluntarily agree to arbitrate by entering into a submission agreement, which Plaintiff declined to do.  (Orta Decl. ¶¶ 5-8.)  Defendants only alighted on the concept of compelling arbitration as a fig leaf to try to avoid remand and retroactively "fix" the Court's power to hear the case that rightfully belongs to the Court of Chancery.

To put a stop to Defendants' egregious attempt to weaponize removal to avoid and further delay the Court of Chancery's adjudication of Plaintiff's TRO application, Plaintiff has promptly prepared its Second Motion to Remand, with required brief in support, which are being filed and served contemporaneously herewith.  Plaintiff has also asked Defendants to consent to expedited consideration of the Second Motion to Remand and to stipulate to the terms of the TRO during remand proceedings.  Further confirming their interest in delaying this proceeding, Defendants refused both proposals.[4]

---

[4]  *Certification Pursuant to Local Rule 7.1.1*, which is being filed and served contemporaneously herewith.

**ARGUMENT**

Defendants filed the Second Notice to further delay the expedited TRO hearing already granted in the Court of Chancery. This second Motion to Remand should therefore be expedited to: (i) prevent the irreparable and ever-expanding harm Landbridge suffers as the Sham Arbitration continues and as Defendants continue to mismanage the Panama Project and its associated companies at the exclusion of Plaintiff, (ii) provide Landbridge the opportunity to have its TRO application heard on an expedited basis, as already ordered by the Court of Chancery, and (iii) prevent Defendants from being rewarded for their abuse and weaponizing of federal removal provisions. *See Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 353 (3d Cir. 2013) ("Our own jurisprudence on § 1447(d) makes this clear: The purpose of the rule is to **prevent a party to a state lawsuit from using federal removal provisions and appeals as a tool to introduce substantial delay into a state action**." (emphasis added)).

Under 28 U.S.C. § 1447(c), the Court may remand the case "at any time" based on the lack of subject matter jurisdiction. Here, given Defendants' utter failure to bear their burden to establish federal jurisdiction, the Court must remand the case at the earliest possible opportunity so that the Court of Chancery can hear Plaintiff's emergency injunctive relief motion and issue relief protecting Landbridge from its ongoing, irreparable harm. *See Meritcare Inc. v. St. Paul Mercury Ins. Co*., 166 F.3d 214, 217 (3d Cir. 1999) (holding that when a district court discovers a jurisdictional defect in an improperly removed case at any time, the court must remand the case); *Invictus Special Situations Master I, L.P.*, 2024 WL 175736, at *1 (remanding the case only three days after Plaintiff filed the remand motion for the lack of subject matter jurisdiction).

8

A.    **The Court Should Expedite the Remand Proceedings, Because There Is A Pending TRO Application in the Court of Chancery, Plaintiff Continues To Suffer Irreparable Harm, And Defendants' Second Removal Is Another Egregious Attempt To Delay the Court of Chancery Proceeding and To Further Irreparably Harm Plaintiff**

The Court may expedite the Second Motion to Remand proceedings under its inherent authority to schedule and manage its docket.  Fed. R. Civ. P. 16; *see also* D. Del. L.R. 7.1.2(b) (outlining standard briefing schedule "unless otherwise ordered").  Historically, courts in this District and others have expedited remand proceedings where, as here, a plaintiff has alleged that it is suffering irreparable harm, removal was frivolous or dilatory, and a party faced irreparable harm from further delays.  *See, e.g.,* Oral Order, *Invictus Special Situations Master I, L.P. v. Invictus Glob. Mgmt., LLC*, No. CV 24-16-RGA (D.I. 14) (D. Del. Jan. 10, 2024) (ordering defendants to respond to plaintiff's motions to remand and to expedite remand proceedings within two days of plaintiff's motions); Oral Order, *Camarillo Holdings LLC, v. Amstel River Holdings, LLC*, Case No. 18-1456-LPS, (D.I. 8) (D. Del. Sept. 24, 2018) (ordering defendant to respond to plaintiff's motion to expedite remand proceedings within four days).

Like this case, the plaintiffs in *Invictus* were suffering irreparable harm and had petitioned the Court of Chancery for an expedited TRO hearing.[5]  The court held the hearing and ordered an expedited trial two months later.[6]  Five days before trial, the defendants removed the case to this Court.  *Invictus Special Situations Master*, 2024 WL 175736 at \*1.  This Court, recognizing the obvious delay tactic, swiftly granted the plaintiff's motion to remand only *three days* after plaintiffs filed the remand motions.  *Id.*  In reaching his decision, Judge Andrews concluded that the "[r]emoval was improper" given the Court's lack of subject matter jurisdiction.  *Id.* at \*2.

---

[5]    Opening Brief in Support of *Emergency* Motion for Expedited Proceedings Regarding Motion to Remand, *Invictus Special Situations Master I, L.P. v. Invictus Glob. Mgmt., LLC*, No. CV 24-16-RGA, (D.I. 9) (D.Del. Jan. 9, 2024).

[6]    *Id.*

9

The holding of the district court in the Eastern District of Texas in *Alley Brothers, LLC* also is instructive.  The defendants in that case had previously removed the action twice, and then filed for a third removal.  2018 WL 8546422, at *1-2.  The plaintiff asked for expedited remand because the court once again lacked subject matter jurisdiction, and "[t]his Third removal is merely another ploy by defendants to further delay… and is an abuse of the legal system."[7]  The court agreed with the plaintiff, holding that "[t]he record clearly demonstrates that Defendants continue to remove the instant case from state court to federal court each time this matter is set for hearing or disposition in the state court" and that "[s]uch conduct establishes that the removals are Defendants' attempts to delay and disrupt the state court eviction proceedings and harass Plaintiff." *Id.* at *5.  The court quickly granted the remand petition and entered an order prohibiting the defendants from removing again without leave of court. *Id.* at *6.

This Court's holding in *Camarillo* is also on point.  The plaintiffs in that case had also sought expedited relief in state court and argued that the defendants' removal to this Court was a delay tactic.[8]  Because the plaintiffs were suffering harm, and the defendants articulated no viable basis for removal, the Court quickly and correctly remanded the case to the Court of Chancery. *Camarillo*, 2018 WL 5268124 at *2-3.

As in *Invictus*, *Alley Brothers*, and *Camarillo*, this Court should issue an expedited decision on the Motion to Remand.  Despite the Defendants' misguided view that their mere references to a Motion to Compel Arbitration grants them automatic federal subject matter jurisdiction, Judge Williams' remand order mooted that Motion.  (*See* Br. at 9-10.)  In any event, the Motion to

---

[7]     Plaintiff's Expedited Motion to Remand in Rem and Memorandum in Support, *Alley Bros., LLC v. Krishnan,* 2018 WL 8546422, (D.I.) (E.D. Tex. Dec. 13, 2018).

[8]     Plaintiff's Motion for Expedited Consideration of their Motion to Remand, *Camarillo Holdings LLC v. Amstel River Holdings, LLC*, Case No. 18-1456-LPS, (D.I. 5) (D.Del. Sept. 21, 2018).

Compel is grossly inadequate to confer this Court with subject matter jurisdiction, because the arbitration defense raised therein could have been raised in the First Notice of Removal, is solely aimed at manufacturing federal subject matter jurisdiction where none exists, and it is devoid of any merit.  And Landbridge—like the plaintiffs in *Invictus*, *Alley Brothers*, and *Camarillo*—is suffering immediate and ever-growing harm from the delayed TRO proceedings in state court as a result of Defendants' second improper removal, which clearly evinces their intent to follow through the Sham Arbitration to procure an award that they will and can use to legitimize their theft scheme and enable their further unjust enrichment.  (Compl. ¶¶ 249-51.).  Respectfully, Plaintiff requests this Court to act quickly and expedite treatment of Plaintiff's second Motion to Remand, just as it did for Plaintiff's first motion.

Defendants' weaponization of removal to delay the TRO proceedings could not be clearer. After the Court remanded the case on March 27, Defendants ignored Plaintiff's email asking for a call to re-schedule the TRO hearing.   (Orta Decl. ¶¶ 10-13 & Ex. A.)  Instead, that same day, Defendants rushed to improperly file the Second Notice even before the Court could certify the remand back to the Court of Chancery, which makes the Second Notice procedurally deficient as there is yet no case in state court to be removed.

While the Court has indicated in its remand order that it would "leave it to Defendants to assess whether re-removal is appropriate under the circumstances and their desire to pursue it," (First Removal, D.I. 49 at 8), that could have hardly meant to allow Defendants to get a second bite at removal solely on the basis of the Motion to Compel Arbitration that the Court explicitly declined to consider because of its untimely nature, and therefore became moot.  As explained in Plaintiff's Opening Brief, Judge Williams noted in his remand order that Defendants may re-remove "if new facts are discovered that establish jurisdiction."  (*Id.* (quoting *Judon v. Travelers*

*Prop. Cas. Co. of Am.*, 773 F.3d 495, 509 (3d Cir. 2014)).  Defendants have "discovered" no new facts here.   (Br. at 19-20.)  In any event, as explained in detail in Plaintiff's Opening Brief, Defendants' arguments to compel arbitration are baseless and insufficient to sustain this Court's subject matter jurisdiction.  (Br. at 11-17.)

Defendants' plan has been and continues to be a hurry-up-and-wait approach, railroading removals only to drag their feet on the substance of the action, buying time and indefinitely delaying the TRO proceedings so that the Sham Arbitration can issue an award declaring Notarc Port the bona fide purchaser of the Panama Project.   As explained, this award could be issued within weeks from now, which Defendants will use to further irreparably harm Plaintiff.

This is why  Defendants have refused to cooperate to allow prompt consideration of the TRO motion.  Defendants have refused to expedited consideration of the Motion to Remand.[9] Defendants have refused to agree to the terms of the TRO during remand proceedings.[10]

Defendants are clearly engaged in dilatory tactics to prevent the Court of Chancery from granting the TRO on an expedited basis.  Accordingly, expedited consideration of the Motion to Remand is needed to mitigate the additional harm caused by Defendants' improper gamesmanship and delay tactics.

## CONCLUSION

For the foregoing reasons, Landbridge respectfully requests expedited consideration of the Motion to Remand and that the following be ordered:

---

[9]   *Certification Pursuant to Local Rule 7.1.1*, which is being filed and served contemporaneously herewith.

[10]   *Id*.

a.     Defendants submit their joint answering brief in opposition to the Motion to Remand by April 5, 2024, which is three (3) days from their receipt of the Motion to Remand that is being filed and served contemporaneously herewith; and,

b.     A hearing on the Motion to Remand be scheduled, only if the Court deems it necessary, within five (5) days of Defendants' filing of their joint answering brief.


OF COUNSEL:

David M. Orta (*pro hac vice* pending)
Lucas Loviscek (*pro hac vice* pending)
Quinn Emanuel Urquhart
   & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
(202) 538-8000
davidorta@quinnemanuel.com
lucasloviscek@quinnemanuel.com

DATED: April 2, 2024

                                   */s/ Michael A. Barlow*
                                   Michael A. Barlow (#3928)
                                   Quinn Emanuel Urquhart
                                     & Sullivan, LLP
                                   500 Delaware Avenue, Suite 220
                                   Wilmington, Delaware 19801
                                   (302) 302-4000
                                   michaelbarlow@quinnemanuel.com

                                   *Attorneys for Plaintiff Landbridge Port Services (Hong Kong) Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2024, I caused the foregoing *Emergency* Motion for Expedited Proceedings Regarding the Motion to Remand and Opening Brief in support thereof to be served on all counsel of record via the Court's CM/ECF system.

*/s/ Michael A. Barlow*
Michael A. Barlow (#3928)