IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANDBRIDGE PORT SERVICES (HONG KONG) LTD., <br><br> Plaintiff, <br><br> v. <br><br> NOTARC PORT INVESTMENT LLC, *et al.*, <br><br> Defendants. | Civil Action No. 24-397-GBW |

## MEMORANDUM ORDER

Before the Court is Plaintiff Landbridge Port Services Hong Kong Ltd.'s ("Landbridge") motion to remand this action to the Delaware Court of Chancery (D.I. 25). Defendants Notarc Port Investment LLC ("Notarc Port"), Notarc Investment Partners LLC ("Notarc Partners"), Coastal Infrastructure Partners LLC ("Coastal Partners"), Dion L. Bowe, Leslie C. Bethel (together with Notarc Port, Notarc Partners, Coastal Partners, and Dion L. Bowe, the "Notarc Defendants"), Coastal Infrastructure Trust No. 1 ("Coastal Trust"), Colin Michael Martinez, Liang Zhang, and Sinolam Consulting & Trading Holdings PTE Ltd. ("Sinolam," together with Zhang the "Sinolam Defendants") (jointly, "Defendants") oppose. For the reasons set forth below, the Court GRANTS Landbridge's motion to remand.

### I.   BACKGROUND

The facts of this dispute are set out in the Court's order granting remand in *Landbridge Port Services (Hong Kong) Ltd. v. Zhang et al*, 24-254-GBW (D. Del.) (the "Prior Action"). *See* Prior Action, D.I. 49 at 1-2. In short, Landbridge alleges that the Sinolam Defendants illegally divested Landbridge of its shares in Landbridge Holdings, Inc. ("LHI") then sold LHI's assets to

1

the Notarc Defendants by executing a Share Subscription Agreement. *Id.* Landbridge sued in Barbados to unwind this transaction and restore its ownership of LHI. *Id.* The Notarc Defendants initiated an arbitration (the "Panama Arbitration") against one of the Sinolam Defendants and LHI, pursuant to the Share Subscription Agreement, which Landbridge alleges is unopposed and a sham to divest it of ownership. *Id.* Landbridge initiated this case in the Delaware Court of Chancery to enjoin the Panama Arbitration. *Id.* Defendants removed, arguing that jurisdiction existed under 9 U.S.C. § 205 or 9 U.S.C. § 203. *See generally id.* Landbridge moved to remand, arguing that subject matter jurisdiction needed to be established under § 203, and that only actions to compel or enforce arbitrations gave jurisdiction under that provision. *See generally id.* Defendants then filed a motion to compel arbitration. Prior Action, D.I. 32. The Court did not consider the motion to compel arbitration in deciding the initial remand motion, because the Court was "required to base its decision on the record existing at the time the petition for removal was filed." Prior Action, D.I. 49 at 7 (quoting *Shilmann Rocbit, LLC v. American Blasting Consumables*, Inc., 2016 WL 5843880, at *3 (S.D. W.Va. 2016)). However, the Court noted that "Defendants have since filed a motion to compel that would, on its face, appear to grant jurisdiction under § 203" and that Defendants could likely re-remove to argue that the motion to compel granted jurisdiction. *Id.* at 7-8.

Defendants re-removed the case on the theory that the motion to compel granted jurisdiction, and Landbridge filed a second motion to remand. D.I. 25. Landbridge argued that (1) Defendants re-removed the case before the Clerk of Court issued a certification of remand, so there was no state court action to re-remove; (2) Defendants' motion to compel arbitration was mooted by the Court's initial remand order; and (3) Defendants' motion to compel arbitration was frivolous and did not grant jurisdiction. *See generally* D.I. 26. The Court noted that "a quick and

non-prejudicial remand may resolve" the first two issues, so Landbridge, in the interest of avoiding delay, waived those arguments.[1] D.I. 36 at 1. Defendants requested oral argument. D.I. 47. The Court finds that no oral argument is necessary.

## II. LEGAL STANDARD

As the party asserting federal subject matter jurisdiction, the defendant bears the burden of proving that the case is properly before this Court. *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir.1985); *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996).

Where a defendant seeks to remove a case under 9 U.S.C. § 205, the defendant must independently establish subject matter jurisdiction under § 203. Prior Action, D.I. 49 at 5. Federal courts have jurisdiction under § 203 over "action[s] to compel arbitration between international parties." *Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 439–40 (3d Cir. 1999). Defendants must make a "a substantial claim under an act of Congress." *Carlson v. Principal Financial Group*, 320 F.3d 301 (2d Cir. 2003) (citing *Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)). Federal courts lack jurisdiction when a claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U. S. 678, 682-83 (1946); *see also Sharon Steel*

---

[1] "[N]on-jurisdictional objections to removal may be waived." *In re FMC Corp. Packaging Systems Div.*, 208 F.3d 445, 451 (3d Cir. 2000). The Court notes that the lack of a state court case to remove and the lack of a pending motion to compel arbitration may indeed be jurisdictional, rather than procedural. However, because the Court finds that it would lack subject matter jurisdiction even if the case had been properly removed with a pending motion to remand, the Court does not analyze these issues.

*Corp. v. Jewell Coal & Coke Co.*, 735 F.2d 775, 778 (3d Cir. 1984) ("So long as the appellant's claim of arbitrability was plausible, interpretation of the contract should have been passed on to the arbitrator."); *Hawkins v. KPMG LLP*, 423 F. Supp. 2d 1038, 1047 (N.D. Cal. 2006) (holding that defendants must establish "there is a reasonable possibility that defendants will be able to assert the arbitration clause to compel arbitration" and rejecting Defendants' argument that "any consideration of whether the arbitration clause might be enforceable inevitably leads down a slippery slope.").

### III.   DISCUSSION

Defendants filed a motion to compel in the Prior Action. Prior Action, D.I. 32. Defendants argued that Plaintiff's claims should be compelled as derivative claims on behalf of LHI, *id.* at 10-11, and that the Complaint is so intertwined with the Panama Arbitration as to estop Plaintiff from refusing arbitration, *id.* at 11-14.

As an initial matter, the Notarc Defendants contend that Landbridge has waived its right to respond to the motion to compel arbitration. D.I. 43 at 9. The Court remanded the Prior Action prior to the deadline for Defendant to file a response. Prior Action, D.I. 32 (Motion to Compel, filed March 15, 2024); D.I. 49 (opinion remanding the case, filed March 27, 2024); *see* D.Del. L.R. 7.1.2(b) (fourteen day deadline for responsive papers). Defendant filed a response on March 23 and has argued that the motion to compel was mooted by the remand order.[2] D.I. 49; *see* D.I. 26 at 9-10. To the Court's knowledge, there is no rule in the Federal Rules of Civil Procedure or the Delaware Local Rules that addresses motion deadlines when a case has been remanded, re-removed, and filed under a different docket number. Moreover, the Court in its initial decision

---

[2] It has waived this argument with respect to its implications on the propriety of remand. *See* D.I. 36 at 1-2.

4

found that it could not consider the motion to compel arbitration, as it was required to "base[] its opinion solely on the record at the time of the petition for removal." D.I. 49 at 7 n. 2. Thus, the Court lacked jurisdiction to consider the motion to compel at the time of filing. *See* D.I. 37 at 2 (Notarc Defendants' admission that motions "may be mooted by remand if the district court does not have subject matter jurisdiction over the motions."). Accordingly, the Court finds that Landbridge has not waived its opportunity to respond to the motion to compel arbitration.

Defendants argue that Landbridge's claims are derivative of LHI's, rather than direct claims. D.I. 43 at 4; D.I. 44 at 6-8. If the claims are derivative, Landbridge could likely be bound by the arbitration agreement under "background principles of contract law." *Jiangsu Beier Decoration Materials Co., Ltd. v. Angle World LLC*, 52 F.4th 554, 561–62 (3d Cir. 2022); *see Schleiff v. Baltimore & O. R. Co.*, 36 Del. Ch. 342, 130 A.2d 321, 351 (1955) ("Although this action is by a stockholder of B & O, nevertheless, it is a derivative action on behalf of B & O and so, here at least, any defense available against B & O is available against plaintiff."). Delaware courts have considered whether a claim is derivative with a two-part test: (1) who suffered the alleged harm; and (2) who would receive the benefit of the remedy. *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1035 (Del. 2005); *Zweigenhaft v. PharMerica Corp.*, 2020 WL 5258345, at *3 (D. Del. 2020) (adopting the *Tooley* test). If "the plaintiff demonstrated that he or she can prevail without showing an injury to the corporation," the claim is direct. *Tooley*, 845 A.2d at 1035. Claims may not be dual-natured: they are either derivative or direct. *Brookfield Asset Management, Inc. v. Rosson*, 261 A.3d 1251, 1266 (Del. 2021).

Plaintiff's theory of the case has four steps: (1) the individual defendants stole LHI from Landbridge's control by illegally transferring shares to Sinolam, D.I. 2-1 ¶¶ 6-8; (2) Zhang consolidated control and removed Landbridge's directors from the boards of LHI and its

5

subsidiaries, *id.* ¶ 9; (3) Zhang and his allies diluted LHI's shares of its subsidiaries and issued new shares to Coastal Partners, *id.* ¶¶ 10-11; and (4) Defendants carried out the deal with Notarc, making Notarc Port the controlling owner of LHI's subsidiaries for an unlawfully low sum, *id.* ¶¶ 12-15. Landbridge, not LHI, is the party who suffered harm from steps one and two. *In re Activision Blizzard, Inc. S'holder Litig.*, 124 A.3d 1025, 1049-50 (Del. Ch. 2015) (the "right to own and alienate shares" is a "classic" example of a shareholder right subject to a direct claim); *Avacus Partners, L.P. v. Brian*, 1990 WL 161909, at *6 (Del. Ch. 1990) (a claim alleging improper interference with "the right of shareholders to elect the board" is "individual, not corporate").

Steps three and four present closer questions: "a claim of mismanagement of corporate assets" is a derivative injury. *Tooley*, 845 A.2d at 1037. However, where a plaintiff is seeking damages on its own behalf or is "seeking a declaration of the invalidity of the agreements," rather than "to recover any damages for injury to the corporation," the underlying claims are direct. *Id.* at 1038. Landbridge does just that, alleging harm directly to it, and seeking damages for its own losses of shares on all claims. D.I. 2-1 ¶¶ 285, 298, 307 ("Defendants were unjustly enriched by the illegal receipt of *Plaintiff's* shares in LHI and the Panama Project Companies" and demanding payment to Plaintiff); ¶¶ 319, 327, 336 (alleging Defendants' "unlawful conversion of *Plaintiff's* 51% interest in *LHI*" and demanding payment to Plaintiff); ¶¶ 346, 362 (alleging a conspiracy to do the same); ¶¶ 364-381 (seeking declaratory judgment of the invalidity of the agreements); ¶¶ 393, 404 (seeking an injunction in order to protect Plaintiff's interests, rather than LHI's); ¶¶ 419, 424 (alleging veil piercing to prevent individual defendants from "avoid[ing] liability for converting *Plaintiff's* interest in LHI"). Landbridge is not alleging that LHI was injured, or that a

6

remedy may be achieved by returning property to LHI.[3] Instead, Landbridge alleges that it was injured as the party with the right to own LHI and its asses. Plaintiff's claims are thus direct claims for its own interests, and not derivative claims that could be subject to arbitration.

Next, Notarc Defendants argue that an arbitration-related defense is sufficient for a case to "relate to" and "intertwine" an arbitration, on the grounds of equitable estoppel. D.I. 43 at 9-11. Defendants' intertwining theory is barred in the Third Circuit, which has stated that "short of piercing the corporate veil, a court does not ignore the corporate form of a non-signatory based solely on the interrelatedness of the claims alleged." *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 201-02 (3d Cir. 2001) (distinguishing "between signatories and non-signatories" and noting that signatories could be estopped from asserting claims against non-signatories on an "intertwining" theory but not vice versa). Landbridge is a non-signatory, and Defendants do not advance a theory of veil piercing. Thus, Defendants' estoppel theory fails.

Both sets of Defendants argue that the decision to determine arbitrability rests with the arbitrator. *See* D.I. 43 at 13-15; D.I. 44 at 8-10. While "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract," this is only true if the Court finds that the parties made a valid contract which delegates the arbitrability issue to an arbitrator. *Henry Schein v. Archer and White Sales, Inc.*, 139 S.Ct. 524, 531 (2019). In the Third Circuit, "a contract cannot give an arbitral body any power, much less the power to determine its own jurisdiction, if *the parties* never entered into it." *China Minmetals Materials Imp. & Exp. Co. v. Chi Mei Corp.*, 334 F.3d 274, 288 (3d Cir. 2003); *see also*

---

[3] Indeed, Landbridge alleges that it is not even a shareholder of LHI anymore, due to Defendants' scheme. D.I. 2-1 ¶¶ 9, 184.

*Field Intelligence Inc v. Xylem Dewatering Solutions Inc*, 49 F.4th 351, 356 (3d Cir. 2022) ("[B]efore sending parties to an arbitrator, a court must decide whether they agreed to resolve their dispute in that forum."). Because the Court finds that the parties did not agree to resolve their dispute via arbitration, the Court does not need to permit the arbitrator to decide arbitrability.

The Court notes its deep concerns with the implications of Defendants' theories. Taking Plaintiff's allegations as true, Defendants stole shares of a company and then controlled that company to enter into an agreement which included an arbitration clause. If Defendants' theories that this agreement could bind the victim of the theft to arbitrate against the perpetrator were true, and the Court had no jurisdiction to determine whether the claims were plausibly arbitrable, then Defendants could set any arbitration procedures they desired (e.g. setting a damages cap of $1, requiring the claims to be arbitrated by parties controlled by Defendants), and Plaintiff would remain bound by the allegedly fraudulent contract.[4] No principle of law or equity would support such a result.

The Court finds that Defendants do not have a plausible claim of arbitrability. The Court thus lacks jurisdiction and must remand the case to the Court of Chancery for further proceedings.

Plaintiff requests attorney fees pursuant to 28 U.S.C. § 1447(c). D.I. 26 at 18-19. "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendants' removal was not objectively baseless, as it relied on the resolution of legal questions not yet answered in the Third Circuit. The Court specifically gave Defendants leave to file a motion to re-remove in order to resolve the extant questions of whether Defendants had the

---

[4] Indeed, the arbitration clause in this case allegedly set out that Defendants were to pick both arbitrators, and limited evidence presentable. D.I. 2-1 ¶ 26.

ability to compel arbitration. Prior Action, D.I. 49 at 7. Thus, the Court denies Plaintiff's request for attorney fees.

WHEREFORE, at Wilmington this 25th day of April 2024, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (D.I. 25) is **GRANTED**. The parties shall bear their own costs.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE